JUDGE DAVID GUADERRAMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2023 JAN 20  AM 11:00
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| YAZMIN GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK TRIBECA GROUP, LLC a New York Limited Liability Corporation<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

EP23CV0031

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. The Plaintiff is YAZMIN GONZALEZ ("Plaintiff") a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2. Defendant NEW YORK TRIBECA GROUP, LLC ("Tribeca" "Defendant") is a limited liability company organized and existing under the laws of New York with the main address of 40 Wall St 43rd floor, New York, NY 10005 and can be served via registered agent New York Tribeca Group LLC at 40 Wall St 43rd floor, New York, NY 10005.

### JURISDICTION AND VENUE

3. **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053

1

because that claim arises from the same nucleus of operative fact, i.e., Defendant's tele market in calls to Plaintiff; adds little complexity to the case.

4. **Personal Jurisdiction.** This Court has specific personal jurisdiction over the Defendant because they have repeatedly placed calls to Texas residents, derive revenue soliciting their goods and services to Texas residents, including the Plaintiff.

5. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when he received a substantial if not every single unauthorized call from Defendant that are the subject matter of this lawsuit.

6. This Court has venue over the Defendant because the unauthorized calls at issue were sent by the above-named Defendant to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number

assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11.    Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.    According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.    The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.    The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D.

Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20. Plaintiff personally registered her phone number ending in -1859 on the National Do Not Call Registry successfully since March 2022.

21. Plaintiff never asked the National Do-Not-Call Registry administrator to remove her from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

22. Plaintiff received a total of twelve (12) calls and text messages to her personal phone number ending in -1859 from Defendant's representatives soliciting their business funding services without her prior express written consent and not related to an emergency purpose ("the calls").

23. Plaintiff did not have a prior existing business relationship with Defendant and has never been a customer of Defendant.

24. Defendant Tribeca is a loan broker and offers merchant cash advances, small business loans, credit card processing, equipment financing and other financial services nationwide including Texas.

25. Defendant Tribeca has been sued prior to this lawsuit for violating the TCPA *Shelton v. New York Tribeca Group LLC*, No. 2:22-cv-04651-JDW (E.D.PA., Nov. 18, 2022) and continue their illegal behavior because violating the TCPA benefits them financially.

26. On October 26, 2022, Plaintiff received a phone call from phone number 332-239-4798 the agent behind the call identified himself as "Dmytro with Tribeca group," Dmytro requested to speak with someone named "Hasnain" and started soliciting Plaintiff for business funding on

behalf of Defendant.

27. Plaintiff explained to Dmytro that she was not Hasnain however, Dmytro continued soliciting her for business funding on behalf of Defendant and asking qualifying questions.

28. Plaintiff received an email containing Defendants' information, their services, and a link for a business funding application from email address info@priorityconcepsinc.com and d.yanush@nytribecagroup.com. *See Exhibit A.*

29. Plaintiff informed Dmytro that she would call them if she was interested or had any questions.

30. Plaintiff received four (4) unauthorized text messages from Dmytro, each and every text message were not addressed to Plaintiff. *See Exhibit B.*

31. On November 8, 2022, Plaintiff sent a text message to phone number 732-334-3345 saying "Hello Dmytro, no I don't have any questions. Sorry, I'm not interested, please stop calling. Thank you." *See Exhibit B.*

32. On November 29, 2022, Plaintiff received a call from phone number 725-200-0325. The agent behind the call requested to speak for Hasnain, Plaintiff explained that her name was not Hasnain. The agent then identified himself as "Thomas from Tribeca" and started soliciting Plaintiff for business loans, Plaintiff mentioned to Thomas she had been contacted by Tribeca before, but she was not interested. However, Thomas continued soliciting and asking qualifying questions for other services on behalf of Defendant Tribeca.

33. Surprisingly Plaintiff received 4 additional calls on December 12, 2022, December 15, 2022, December 19, 2022, and December 20. 2022.

34. Plaintiff answered each and every call listed on paragraph 32, the agents behind the calls will identify themselves and the company they were calling on behalf of which was Defendant

6

Tribeca.

35. Table below displays the calls made to Plaintiff by Defendant including Plaintiff's request not to be called:

TABLE A

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1. | 10/26/2022 | 8:50 AM | 332-239-4798 | Call dropped |
| 2. | 10/26/2022 | 9:55 PM | 332-239-4798 | Agent Dmytro |
| 3. | 10/28/2022 | 11:23 AM | 732-334-3345 | Text from Dmytro |
| 4. | 10/30/2022 | 9:50 AM | 732-334-3345 | Text from Dmytro |
| 5. | 11/1/2022 | 11:04 AM | 732-334-3345 | Text from Dmytro |
| 6. | 11/2/2022 | 12:52 PM | 732-334-3345 | Text from Dmytro |
| 7. | 11/07/2022 | 1:45 PM | 929-297-1027 | Call from rep from Tribeca told him not interested. |
| **8.** | **11/8/2022** | **2:52 PM** | **732-334-3345** | **Sent text to Dmytro, "sorry, I'm not interested please stop calling."** |
| 9. | 11/29/2022 | 8:45 AM | 725-200-0325 | Thomas from Tribeca told him not interested in business loans |
| 10. | 12/12/2022 | 11:34 AM | 302-688-7925 | Call from rep from Tribeca told him not interested. |
| 11. | 12/15/2022 | 11:31 AM | 216-354-8601 | Mike from Tribeca told him it was wrong number. |
| 12. | 12/19/2022 | 11:02 AM | 862-658-7924 | Daniel from Tribeca told him it was wrong number. |
| 13. | 12/20/2022 | 9:38 AM | 213-652-3426 | Rep for Tribeca |

36. On December 5, 2022, Plaintiff searched the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") and did not find a valid Texas Solicitation Registration from Defendant Tribeca as required by Texas Business and Commerce Code 302.101.

37. Defendant does not qualify for an exemption under TX Bus. Com. Code 302.101.

38. No emergency necessitated the calls.

39. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
### AS A RESULT OF THE CALLS

40. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

41. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

42. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

43. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

44. The calls were to Plaintiff's cellular phone ending in 1859 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name,

8

pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code § 302.101

57. The actions of the Defendant violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

58. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

59. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

60. Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

61. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

### I.   FIRST CLAIM FOR RELIEF

(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 C.F.R. § 64.1200(C))

62. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63. Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

64. Plaintiff was statutorily damaged at least twelve (12) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500 per call.

65. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## II. SECOND CLAIM FOR RELIEF

### (Violations of The Texas Business and Commerce Code 302.101)

66. Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

67. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without her prior express written consent.

68. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a).**

69. Plaintiff is entitled to all reasonable attorneys' fees, deposition costs, and discovery costs. **Texas Business and Commerce Code 302.302(d).**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant jointly and severally as follows:

    A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

    B.    A declaration that actions complained of herein by Defendant violates the TCPA and Texas state law;

    C.    An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

    D.    An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation for 12 calls.

    E.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for 8 calls.

    F.    An award to Ms. Gonzalez of damages, as allowed by law under the TCPA;

    G.    An award to Ms. Gonzalez of interest, costs, and attorneys' fees, as allowed by law and equity

    H.    Such further relief as the Court deems necessary, just, and proper.

January 20, 2023,                                      Respectfully submitted,

Yazmin Gonzalez
Plaintiff, Pro Se
14205 Charles Pollock
El Paso, TX 79938
915-820-1859